**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

July 7, 2009

Charles R. Fulbruge III
Clerk

No. 08-50598
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

BLANCA GUADALUPE RAMIREZ,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:07-CR-2284-2

Before JOLLY, BENAVIDES, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Blanca Guadalupe Ramirez appeals her jury trial conviction and 33-month sentence for importation of more than 50 kilograms of marijuana into the United States, in violation of 21 U.S.C. §§ 952(a) & 960(a)(1), (b)(3), and possession with intent to distribute more than 50 kilograms of marijuana, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C). The charges underlying Ramirez's conviction stemmed from an August 18, 2007, vehicle check at the Paso Del Norte Port of

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Entry in El Paso, Texas, during which approximately 199 pounds of marijuana was found concealed in the vehicle in which Ramirez was a passenger.

Ramirez raises three issues on appeal. She argues that the district court abused its discretion in limiting the cross examination of her codefendant regarding the co-defendant's motivation for entering into a plea agreement and testifying against her, that the district court abused its discretion in refusing her proposed jury instruction and in refusing to give the jury a clarifying instruction after it received a question from the jury, and that the Government failed to disclose evidence in violation of *Brady v. Maryland*, 373 U.S. 83 (1963).

*Limitation on cross examination*

The Confrontation Clause is generally satisfied when the defendant has been "permitted to expose to the jury the facts from which jurors, as the sole triers of fact and credibility, could appropriately draw inferences relating to the reliability of the witness." *United States v. Restivo*, 8 F.3d 274, 278 (5th Cir. 1993) (internal quotation marks omitted). "The relevant inquiry is whether the jury had sufficient information to appraise the bias and motives of the witness." *United States v. Tansley*, 986 F.2d 880, 886 (5th Cir. 1993). Where the district court limits the cross examination of a witness, as in this case, the standard of review is for an abuse of discretion. *United States v. Jimenez*, 464 F.3d 555, 558-59 (5th Cir. 2006).

The only limitation on defense counsel's cross examination of Ramirez's codefendant was that counsel could not question the co-defendant about her exact sentencing range or about the exact sentence reduction she might receive in exchange for entering into a plea agreement and testifying against Ramirez. Defense counsel was otherwise at liberty to question the codefendant about her motives for entering into a plea agreement and for testifying against Ramirez, including the possibility of receiving a reduced sentence.

The testimony elicited through cross examination was sufficient to appraise the jury of the codefendant's possible motives for testifying against

Ramirez. *See Tansley*, 986 F.2d at 886. Further, Ramirez has failed to show that a reasonable juror would have received a significantly different impression of her codefendant's credibility if her exact sentencing range was divulged. *See United States v. Davis,* 393 F.3d 540, 547 (5th Cir. 2004). Accordingly, the district court did not abuse its discretion in limiting the scope of the cross examination.

*Jury Instruction*

The district court's refusal to give a defendant's proposed jury instruction is reviewed for abuse of discretion, "and the trial judge is afforded substantial latitude in formulating his instructions." *United States v. Rochester*, 898 F.2d 971, 978 (5th Cir. 1990). "The district court abuses its discretion only if . . . (1) the requested instruction is substantively correct; (2) the requested instruction is not substantially covered in the charge given to the jury; and (3) it concerns an important point in the trial so that the failure to give it seriously impairs the defendant's ability to effectively present a particular defense." *United States v. St. Gelais*, 952 F.2d 90, 93 (5th Cir. 1992). There is no abuse of discretion if the given instructions fairly and adequately address the relevant issues of the case. *Id.*

Ramirez contends that the district court abused its discretion in failing to give her requested instruction on "mere presence." The mere presence instruction went to the conspiracy counts, for which Ramirez was acquitted. Thus, Ramirez has not demonstrated that the district court's failure to give the requested instruction seriously impaired her "ability to effectively present a particular defense," and therefore the district court did not abuse its discretion. *See St. Gelais*, 952 F.2d at 93.

Likewise, we find no error in the district court's response to the question posed by the jury during its deliberations concerning when Ramirez first knew that there were drugs in the vehicle. The district court directed the jurors to the jury charge, which required the jurors to find beyond a reasonable doubt that

Ramirez knew that she was bringing a substance into the United States and that the substance was marijuana. The jury instruction correctly and adequately addressed the issue, and the district court did not err in responding as it did.

*Brady violation*

Ramirez contends that the Government had information in its file that Ramirez's codefendant had "a history of drug abuse" but failed to disclose that information to the defense in violation of *Brady*. This court reviews allegations of *Brady* violations de novo. *United States v. Infante*, 404 F.3d 376, 386 (5th Cir. 2005). To establish a *Brady* claim, the defendant must show that (1) the prosecution suppressed evidence, (2) favorable to the defense, and (3) the evidence was material. *Id.* at 386.

Ramirez has failed to demonstrate that "there exists 'a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different.'" *Mahler v. Kaylo*, 537 F.3d 494, 500 (5th Cir. 2008) (quoting *United States v. Bagley*, 473 U.S. 667, 682 (1985)). She therefore has failed to show that the that the evidence is "material" for *Brady* purposes.

The judgment of the district court is AFFIRMED.